UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STUART JON SHICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:21-CV-224-HAB |
| | ) |
| CITY OF FORT WAYNE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Almost eleven months after the complaint was filed, and more than nine months after it filed its answer, Defendant City of Fort Wayne ("City") now moves, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's claim against it. Why it waited so long is anyone's guess. But no matter the timeliness of the motion, it is well-taken, and the City will be dismissed from this litigation.

**I.      Plaintiff's Allegations**

As best the Court can tell, Plaintiff is complaining about the handling of a child abuse investigation in 2015. In September and October of that year, Plaintiff's son was involved in a "child abuse incident" while in the care of Plaintiff's ex-wife. Despite his requests after both incidents, Plaintiff was not immediately awarded custody of his son. The child was finally removed from the ex-wife's home in April 2016, at which time Plaintiff came from New York to pick up his son.

It looks like Plaintiff was later accused of a crime. It's not clear, but Plaintiff seems to believe the accusations were the result of false statements made by a Department of Child Services

case worker. As a result, Plaintiff's son was removed from his custody "without any future plans of reunification."

Based on these facts, Plaintiff brings claims under 42 U.S.C. § 1983 and 18 U.S.C. § 242, alleging that Defendants, acting under color of law, deprived him of his rights. Plaintiff alleges that he has suffered "mental deprivation," and that he "will never get back the time" he has lost with his son.

## II.   Legal Discussion

The City attempts to bring a motion under F.R.C.P. 12(b)(6), but that ship has sailed. A claim that a plaintiff has failed to state a claim upon which relief can be granted can be brought via pleading. F.R.C.P. 12(h)(2)(A). But in this case, the City has already filed a responsive pleading. (ECF No. 12). The instant motion, then, "is to be treated as a 12(c) motion for judgment on the pleadings and can be evaluated under the same standard as a Rule 12(b)(6) motion." *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in Plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint should be dismissed only if it either fails to provide adequate notice—as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure—or does not contain "enough facts to state a claim to relief that is plausible on its face"; that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitlement to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp.*, 550 U.S. at 555. For purposes of a Rule 12(b)(6) motion, the allegations of a pro se complaint are to be liberally construed. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

In support of its motion, the City claims that the complaint "does not assert any factual allegations against" it, and that it is "not mentioned in relation to any of the Plaintiff's claims." (ECF No. 60 at 3). The Court cannot agree. In the fourth paragraph of Plaintiff's complaint, he alleges, "I got a call from Sara Beckman CFM manger of Fort Wayne she assured me that anything else happens that I would get my son." (ECF No. 1 at 5) (all sic). As best the Court can tell, then, Plaintiff is bringing a claim for *respondeat superior* liability against the City for the actions of its employees.

If this is the claim, it's a non-starter. It is well-established that "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Rather, each defendant must be "personally liable for the deprivation of a constitutional right." *Id*. And there is no private cause of action under 18 U.S.C. § 242, a statute that imposes criminal penalties for violations of civil rights. *Snyder v. I.R.S.*, 596 F. Supp. 240, 245 (N.D. Ind. 1984). With no other cause of action identified, the Court must agree that Plaintiff has failed to state a claim against the City.

### III.   Conclusion

For these reasons, the City's motion to dismiss (ECF No. 59) is GRANTED. The City is DISMISSED from this suit.

SO ORDERED on May 3, 2022.

                                                  s/Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT