**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| STUART JON SHICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-224-HAB |
| | ) | |
| KIMBERLY C. HERZOG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff has filed two largely unintelligible filings: a "Motion Injunction in Rule 65b" [all

sic] (ECF No. 71) and a "Motion to File Civil 'Quitam' 'Lincoln Law' Act1863./1986" [all sic]

(ECF No. 72). The motions are substantively the same, in that each complains about the handling

of a family law matter filed in an Indiana state court. Because neither filing complies with the

standards invoked in their titles, the motions will be denied.

After wading through the random parentheticals, unnecessary capitalizations, and winky-

face emojis, the Court believes that it understands the gist of Plaintiff's filings. Plaintiff believes

that the presiding judge in the state court matter, Judge Lori Morgan of the Allen County Superior

Court, abused her judicial role. Plaintiff, through his state court attorney Kim Miller,

unsuccessfully sought to have Judge Morgan removed from the case. Plaintiff then fired Attorney

Miller, only to have Judge Morgan appoint a different attorney, Thomas Essex, Jr., to represent

Plaintiff. This was problematic because Plaintiff had fired Attorney Essex previously. Something

then happened after Plaintiff had driven 700 miles; what, the Court cannot determine. Plaintiff

alleges that this was all a "violation of Parental Bill of Rights of the 1st and 14th Amendments"

and a "liberty" violation. (*See*, *generally*, ECF No. 71 at 2-5; ECF No. 72 at 2-5).

Factual confusion notwithstanding, Plaintiff is not entitled to the relief he requests. Fed. R. Civ. P. 65(b) addresses the issuance of temporary restraining orders ("TROs") without notice to the adverse party. F.R.C.P. 65(b)(1). This should be the first clue that the rule is inapplicable; all remaining Defendants have appeared by counsel and were served with the TRO request via the Court's electronic filing system. The rule requires "an affidavit or verified complaint," neither of which Plaintiff filed. *Id*. at (b)(1)(a). Plaintiff must also point to "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result." *Id*. None of that is apparent from ECF No. 71.

Procedural errors aside, Plaintiff raises no grounds that would support federal meddling in a state family law proceeding. Before exercising its equitable power to enjoin a state proceeding, the Court must find Plaintiff threatened with great and immediate irreparable injury that cannot be eliminated by his defense to the state proceeding. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, generally prohibits federal courts from enjoining these types of family law disputes. *Peterson v. Fox*, 488 F. Supp. 2d 14, 17-18 (D. N. H. 2007). Plaintiff has not shown the exceptional circumstances that would be necessary for an injunction in this situation.

Plaintiff's invocation of the qui tam procedure fares no better. "*Qui tam* suits by definition involve suits brought by private parties to assist the executive branch in its enforcement of the law, the violation of which affects the interest of the government, not the individual relator, whose only motivation in bringing the suit is to recover a piece of the action given by statute." *United States ex rel. Hall v. Tribal Dev. Corp.,* 49 F.3d 1208, 1212 (7th Cir. 1995). These actions are creatures of statute, authorized only where Congress has so provided. Fed. R. Civ. P. 17(a)(2).

Plaintiff points to no statute authorizing the filing of a qui tam action here, and the Court can find none. And Plaintiff is suing out of personal interest, his parenting rights, rather than some vague interest in assisting the executive in the enforcement of laws. This is to say nothing of the fact that Plaintiff cannot file a qui tam action on his own behalf; and such action would need to be pursued in the name of the United States. Fed. R. Civ. P. 17(a)(2). In short, there is no qui tam action that can be filed under these facts.

For these reasons, Plaintiff's "Motion Injunction in Rule 65b" [all sic] (ECF No. 71) and "Motion to File Civil 'Quitam' 'Lincoln Law' Act1863./1986" [all sic] (ECF No. 72) are DENIED.

SO ORDERED on May 25, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT