UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

STUART JON SHICKS,

          Plaintiff,

    v.                                                         CAUSE NO. 1:21-CV-224 DRL

DCS *et al.*,

          Defendants.

OPINION AND ORDER

Stuart Jon Shicks sues the Indiana Department of Child Services (DCS) and various state actors[1] because DCS removed his child from his former spouse's home on April 13, 2016. He advances a 42 U.S.C. § 1983 claim, albeit based on a deprivation of unspecified constitutional rights.[2] The defendants request summary judgment on multiple grounds. Because the statute of limitations plainly bars Mr. Shicks' claim, the court grants the motion.

BACKGROUND

In April 2016, DCS began investigating claims that Mr. Shicks' former spouse abused and neglected their minor son.[3] She was the child's primary guardian at the time. DCS removed the child from her home on April 13, 2016. The child has remained in foster care since his removal.

DCS Family Case Manager Karen Karrer determined that the allegations supporting the removal were substantiated. DCS attorney Matthew A. Skeens filed a verified petition alleging a child

---

[1] Mr. Shicks sued the City of Fort Wayne, but the court granted Fort Wayne's motion to dismiss [ECF 63].

[2] Mr. Shicks also sues under 18 U.S.C. § 242. There is no private cause of action under this statute, which imposes criminal penalties for violations of civil rights. *Snyder v. I.R.S.*, 596 F. Supp. 240, 245 (N.D. Ind. 1984). The court grants summary judgment in favor of all defendants on this claim.

[3] These facts arise from the defendants' statement of material facts. Mr. Shicks has not responded to these facts or presented contradictory facts, so the court considers these facts undisputed. Fed. R. Civ. P. 56(e)(2).

in need of services (CHINS). On April 15, 2016, the Allen Superior Court found probable cause that Mr. Shicks' son was a qualified CHINS. The court determined that foster care was appropriate and ordered Mr. Shicks to complete drug screening and supply DCS with various information. Mr. Shicks was present for this hearing.

On May 18, 2016, the Allen Superior Court ruled that Mr. Shicks' son was a CHINS. On January 3, 2017, the court determined that termination of parental rights was in the child's best interests. The court found that Mr. Shicks had failed to maintain communication with DCS and had not visited his son regularly.

The Allen Superior Court authorized DCS to file a petition to terminate Mr. Shicks' parental rights on March 2, 2020. Mr. Shicks' whereabouts were then unknown. He finally contacted DCS in February 2021. He was instructed to complete a mental health evaluation. He failed to complete his requirements. Mr. Shicks filed a complaint here on June 4, 2021.

His attempt to regain custody of his child remains ongoing in the Allen Superior Court. On April 20, 2022, Mr. Shicks attended a hearing by telephone regarding termination of his parental rights. He was told what he needed to do to regain custody. He was uncooperative, and DCS proceeded with termination. As of September 1, 2022, the Allen Superior Court had not yet ruled on the termination of Mr. Shicks' parental rights.

## STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022). The court must construe all facts in the light most favorable to the non-moving party, viewing all reasonable inferences in that party's favor, *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1051 (7th Cir. 2020), and avoid "the temptation to

2

decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll v. Valparaiso Cmty. Schs.*, 953 F.3d 923, 924-25 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 731 (7th Cir. 2011).

## DISCUSSION

A. *Motion for Summary Judgment.*

The defendants argue that summary judgment should be granted on multiple grounds: the statute of limitations, the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and § 1983's requirement of personal involvement, among others. Though compelling, the court need not address each argument because Mr. Shicks' § 1983 claim is barred by the statute of limitations. *See Johnson v. Illinois*, 1997 U.S. App. LEXIS 17963, 3 (7th Cir. July 15, 1997) ("We need not address whether the district court was correct to dismiss on *Rooker-Feldman* grounds, because we agree that the statute of limitations barred [the] complaint.").

Jurisdictional issues normally precede the merits, *see Onishi v. Chapleau*, 848 F. Appx. 211, 212 (7th Cir. 2021), though another defense may take priority when "there is no practical difference in the outcome," *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *see, e.g., Brewer v. Sproat*, 2017 U.S. Dist. LEXIS 92830, 10 (C.D. Ill. June 16, 2017). The lack of clarity about whether Mr. Shicks seeks to overturn a state court judgment, *see Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390-91 (7th Cir. 2019), and whether he sued the individual defendants in their official or individual capacities (given

they cannot be sued in their official capacities under § 1983), *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), favors this same approach.

The defendants argue for summary judgment because the statute of limitations expired. "[I]n general, § 1983 actions continue to be governed by the forum state's personal-injury statute of limitations." *Campbell v. Forest Preserve Dist.*, 752 F.3d 665, 668 (7th Cir. 2014); *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996). In Indiana, a personal injury action must commence within two years after the cause of action accrues. Ind. Code § 34-11-2-4. "Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994).

In his complaint, Mr. Shicks writes that "this case is a 5 year old case" and points to the date his son was removed by DCS (April 13, 2016)[4] as the basis for his claim. His request for relief stems from a violation of "due process" that "resulted in [his] son being taken out of [his] custody without any future plans of reunification." He also alleges that Family Case Manager Kimberly Herzog made false statements about his ability to care for his child, but he never reproduces the statements or alleges when they occurred. He seeks damages from DCS for using the court to take possession of his child.

Summary judgment based on the statute of limitations is appropriate only when there are no genuine issues of material fact regarding the claim's accrual date. *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1219 (7th Cir. 1984). To avoid summary judgment on the statute of limitations, Mr. Shicks must present facts raising a triable issue as to when his § 1983 claim accrued. His response proves largely unintelligible, but nothing alerts the court to an additional harm under § 1983 that falls within the statute of limitations.

---

[4] Mr. Shicks' complaint says the child was removed on April 8, 2016. Family Case Manager Kimberly Herzog's declaration says the child was removed on April 13, 2016. This difference in days isn't outcome determinative.

4

To be actionable, any harm under § 1983 must have occurred on or after June 4, 2019. Only three pieces of evidence submitted by Mr. Shicks fall within the limitations period. First is a letter recognizing Mr. Shicks' completion of an alcohol and drug assessment from February 23, 2022. Second is a recusal order from February 14, 2022. Third is a Fort Wayne police report from May 31, 2021, in which law enforcement recounts Mr. Shicks coming to the station to report discrimination from DCS agents and Allen County magistrates. He never asserts an identifiable constitutional harm from these events, only the removal of his son in 2016. Mr. Shicks had until April 13, 2018 to bring a § 1983 claim, but only filed his complaint on June 4, 2021. The statute of limitations bars his claim, and the court must grant summary judgment for the defendants.

B.  *Motion to Seal.*

The defendants filed a motion to maintain certain exhibits supporting their motion for summary judgment under seal. Mr. Shicks did not respond. There is a strong presumption that information relied on in a judicial decision will be available to the public, and a party seeking to maintain a document under seal must show good cause to overcome the public's interest in judicial transparency. *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). One ground for good cause is that the information to be sealed is "required by statute to be maintained in confidence." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

The defendants argue that the exhibits [ECF 93] are protected by Indiana law on multiple grounds. First, they contain records and reports made during the course of a child abuse investigation. Ind. Code § 31-33-18-1. Second, all but ECF 93-9 are confidential court proceedings concerning children exempt from public disclosure. Ind. Code § 31-39-1-2. A review of these exhibits confirms their protected status. For good cause, the court grants the motion to seal.

5

CONCLUSION

Because the statute of limitations bars Mr. Shicks' § 1983 claim and he cannot bring a cause of action under 18 U.S.C. § 242, the court GRANTS the defendants' summary judgment motion [ECF 92]. For good cause shown, the court GRANTS the motion to seal [ECF 97] the exhibits in ECF 93. This order adjudicates all claims against all remaining defendants and thus terminates the case.

SO ORDERED.

November 21, 2022                              *s/ Damon R. Leichty*
                                               Judge, United States District Court